813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James H. SNOW, Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services, Appellee.
 No. 85-2167.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 11, 1986.
Decided Dec. 10, 1986.
 
 Before WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 Richard Engram, Jr., on brief, for appellant.
 Beverly Dennis III; Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Heather Leigh Anderson, Assistant Regional Attorney; Deborah Fitzgerald, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services; David A. Faber, United States Attorney; Marye L. Wright, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 James H. Snow appeals from the decision of the United States District Court for the Southern District of West Virginia, affirming the decision of the Secretary of Health and Human Services that he is not entitled to disability benefits because he is not disabled within the meaning of the applicable statute and regulations.
 
 
 2
 James H. Snow was born on March 11, 1922, in North Carolina. He completed eleven years of primary and secondary schooling. He apparently engaged in farm work, sawmill work, and coal mining work between 1937 and 1943. In 1943 he joined the Marine Corps. He worked as a mechanic in the Marine Corps from 1943 through 1946, and from 1948 through 1961. In 1960 and 1961, he spent two years studying personnel administration at a junior college in California, where he was stationed with the Marine Corps. From 1961 until September 1964, he attended a police academy and worked for the police force in Fresno, California. From 1964 through most of 1977 Snow worked as an electrician or mechanic for a coal mining company and for Allied Chemical Corporation. Snow stated that he did not work between October 1977 and September 1979. From September 1979 through December 1980 Snow acted as police chief for the town of Kimball, West Virginia. After that he served as a municipal judge for the town of Kimball, a part-time post which he continued to hold at the time of his administrative hearing and which paid him $200 per month.
 
 
 3
 From 1977 up until the time of the administrative hearing, Snow suffered from a variety of ailments. From 1977 onwards Snow experienced chest pains and difficulty associated with exertion and exercise. In 1980, he was diagnosed as having atherosclerotic heart disease and angina pectoris, as well as black lung disease. In 1982, he was hospitalized briefly because of his chest complaints and was diagnosed as having angina pectoris, atherosclerotic heart disease, chronic pulmonary disease, and mild adult-onset diabetes.
 
 
 4
 There was also evidence that Snow had undergone hernia surgery some time prior to 1980 and Snow testified that surgery had been performed on his stomach four times.
 
 
 5
 Snow filed the present application for disability benefits on June 21, 1982. His application was initially denied. On March 30, 1983, Snow filed a request for a hearing. A hearing was held before an administrative law judge on July 26, 1983 in Princeton, West Virginia. Snow elected to proceed at the hearing without an attorney, although he was advised of his right to legal counsel. The ALJ subsequently denied Snow's claim, finding that Snow was able to perform his past relevant work. The Appeals Council denied Snow's request for review on November 7, 1983. Snow then filed the present action in the United States District Court for the Southern District of West Virginia. On January 17, 1986, the district court affirmed the Secretary's decision.
 
 
 6
 Disabled wage earners are entitled to receive social security benefits under 42 U.S.C. Sec. 423(a). Regulations adopted by the Secretary of Health and Human Services provide that the Secretary's determination of disability will be made according to a five-step test. 20 C.F.R. Sec. 404.1520(a)-(f). First, an individual who is employed in substantial gainful activity will not be found to be disabled regardless of medical findings. Second, the claimant's impairment must be found to be "severe." Third, if the claimant's impairment is identical or equivalent to one of a series of impairments listed in Appendix 1 of Subpart P of 20 C.F.R. Sec. 404, the claimant will be found to be disabled without consideration of his or her age, education, or previous work experience. Fourth, if a claimant's impairment is "severe" but does not match a listed impairment, the claimant is not considered disabled if he or she is able to continue to perform work done in the past. Finally, if the claimant's impairment is severe and he or she is no longer able to perform work done in the past, the claimant will be found disabled if, considering his or her age, education, and previous work experience, he or she is unable to perform any substantial gainful activity.
 
 
 7
 Upon review, the Secretary's decision as to disability must be upheld if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 8
 The Secretary's decision here was based on the ALJ's findings and conclusions. The ALJ found that Snow's part-time work as a municipal judge did not constitute "substantial gainful activity," so disability was not ruled out at the first step of the analysis. The ALJ appears to have assumed that Snow's impairments were "severe" enough to proceed to later steps in the analysis, but the ALJ did not make a specific finding of severity. The ALJ made a finding of non-disability at the fourth step in the analysis, by finding that Snow was capable of performing his past relevant work as a small-town police chief. Accordingly, the ALJ did not proceed to step five, did not consider Snow's age, education, or previous work experience, and did not apply the guidelines contained in the "grids" at 20 C.F.R. Sec. 404, Subpt. P, App. 2.
 
 
 9
 We are unable to conclude that there is substantial evidence to support the ALJ's determination that Snow was able to perform his past work as a police chief, because the ALJ made no findings as to what activities and capabilities were required in the police chief's job. The ALJ's opinion simply makes the conclusory statement that "[t]he claimant's past relevant work as a police chief did not require the performance of the work related activities by the above limitations." The meaning of that conclusion is unclear, but presumably the ALJ meant that Snow's limitations or impairments would not preclude him from performing the police chief's job. The problem is that the ALJ's opinion does not consider any evidence concerning the nature of the police chief's work, or make any findings of fact concerning its requirements. There was no evidence in the record, and there was no testimony at the hearing, concerning the nature of the police chief's job. It may be that, even in a small town, the police chief must be in good physical shape and able to pursue and apprehend vigorous criminals. The evidence indicated that Snow is easily exhausted by exertion, and that suggests that he would not be able to perform the police chief job if it involves vigorous physical activity.
 
 
 10
 However, we nevertheless conclude that there is substantial evidence to support the ALJ's determination that Snow is not disabled, because the record indicates that his impairment is not severe. The evidence revealed that, despite his ailments, Snow retained a considerable degree of physical ability. He himself testified that he was able to lift and carry up to 25 pounds and to walk one mile per day. He has a valid driver's license and testified that he drives about 20 miles per week. He is able to work limited hours as a municipal judge. He spends some of his spare time repairing guns as a hobby, and attends meetings of fraternal organizations. Reviewing physicians were of the opinion that he could stand or walk a total of 6 hours in an 8-hour day. Consequently, we affirm the judgment of the District Court upholding the Secretary's denial of benefits.
 
 
 11
 AFFIRMED.